UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EDWARD JOHN HOSCH, | Civil Action No.: 4:09-cv-1490-TLW-TER |
| Plaintiff, | |
| -vs- | |
| UNITED BANK, INC.; R. LEON COOPER; DOUGLAS B. ERNEST; WADE STEPHEN MELCHER; DONALD WARD; JAMES R. QUESENBERRY, SR.; JAMES R. QUESENBERRY, JR; TRIPLE Q. CONSTRUCTION, INC.; JOHN AND JANE DOES 1-10; JOHN DOE CORPORATIONS 1-10; and OTHER JOHN DOE ENTITIES 1-10; Defendants. | **REPORT AND RECOMMENDATION** |

**I.    INTRODUCTION**

This case arises out of a loan transaction between Plaintiff, a Georgia resident, and Defendant United Bank, Inc., a West Virginia corporation, for property located in South Carolina. Plaintiff asserts causes of action for breach of fiduciary duty, conversion, tortious interference with contract, fraud, violation of the Federal Trade Commission Act, and civil conspiracy. Defendants Quesenberry, Sr. and Melcher are proceeding pro se. Presently before the court are Defendant Cooper's Motion to Dismiss for Lack of Personal Jurisdiction (Document # 21), Defendant Ernest's Motion to Dismiss for Lack of Personal Jurisdiction (Document # 26), Defendant United Bank's Motion to Dismiss for Failure to State a Claim (Document # 36), Defendant Quesenberry, Sr.'s Motion to Dismiss for Lack of Personal Jurisdiction (Document # 40) and Plaintiff's Motion for Leave to File Amended Complaint (Document # 57). At the time this action was filed and at the

time the Motions to Dismiss were filed, Plaintiff was proceeding pro se and was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motions to Dismiss, could result in the Motions being granted and the dismissal of his Complaint. Plaintiff failed to respond to any of the Motions to Dismiss.

All pretrial proceedings have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C. Because of the dispositive nature of these pending Motions, this Report and Recommendation is entered for review by the district judge.

## II. PROCEDURAL HISTORY

Plaintiff filed this action pro se on June 8, 2009. Defendant Wade Stephen Melcher filed a pro se Answer (Document # 18). Plaintiff filed a Notice of Voluntary Dismissal (Document # 22) as to Defendants Donald Ward, James R. Quesenberry, Jr. and Triple Q Construction, Inc. Defendants R Leon Cooper, Douglas B. Ernest, and James R. Quesenberry, Sr. each filed a Motion to Dismiss for lack of personal jurisdiction (Documents # 21, 26, 40). Defendant United Bank, Inc. filed a Motion to Dismiss for failure to state a claim (Document # 36). These Motions were filed in October and November of 2009. Because Plaintiff was proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motions to Dismiss could result in dismissal of his Complaint. Plaintiff failed to respond to any of the Motions.

The Scheduling Order (Document # 45) deadline to file a motion to amend pleadings was March 1, 2010. Attorney Susan Hill first made an appearance in this case on behalf of Plaintiff on March 1, 2010, when she filed a Motion to Appear Pro Hac Vice (Document # 50) on behalf of William E. Gray, II. On March 8, 2010, she filed a formal Notice of Appearance of Counsel

(Document # 56). The present Motion for Leave to File Amended Complaint (Document # 57) was filed on March 17, 2010.

**III.   DISCUSSION**

Because granting Plaintiff's Motion to Amend could result in some or all of the Motions to Dismiss becoming moot, the undersigned will address it first. When seeking to amend a pleading after an applicable deadline in a scheduling order, a party must satisfy the good cause standard of Rule 16(b), Fed.R.Civ.P., before addressing the merits of a motion to amend under Rule 15(a), Fed.R.Civ.P. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Dilmar Oil Co., Inc. v. Federated Mt. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Rule 16(b) addresses the diligence of the moving party. Id. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Id. (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990)). Counsel for Plaintiff filed the present Motion approximately two weeks after the deadline and approximately two weeks after appearing in the case. None of the Defendants challenge the timeliness of the Motion. Because the Motion was filed shortly after Plaintiff's counsel made an appearance in the case and none of the Defendants challenge the motion on this basis, the undersigned finds good cause exists to allow an amendment outside the deadline.

The Court must also determine whether allowing Plaintiff to amend his Complaint is proper under Rule 15(a), Fed.R.Civ.P. Rule 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City

of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and quoting Johnson v. Oroweat Foods Co., 785 F.2d 503,509-10 (4th Cir.1986)). A delay in bringing a proposed amendment is generally insufficient reason to deny a party leave to amend. Edwards, 178 F.3d at 242. Defendants[1] argue that Plaintiff's proposed Amended Complaint is both prejudicial and would be futile.

Defendants Quesenberry, Sr. and Melcher argue that they would be prejudiced if Plaintiff is allowed to amend his Complaint because they relied on the allegations in the original Complaint in determining how to proceed with their defenses. However, the fact that Defendants will have to prepare new defenses and conduct additional discovery "does not suffice as a showing of prejudice." N.C. ex rel. Long v. Alexander & Alexander Servs., Inc., 711 F.Supp. 257, 259-60 (E.D.N.C.1989) (citing Oroweat, 785 F.2d at 510). This case is still in the early stages of litigation. Thus, the Court finds no prejudice in allowing Plaintiff to amend his Complaint.

Defendants Cooper, Ernest and Quesenberry, Sr.[2] object to allowing Plaintiff to amend his Complaint because they argue allowing the amendment would be futile. For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Oroweat Foods Co., 785 F.2d at 510-511; see also Rambus, Inc. v. Infineon Technologies, AG, 304 F.Supp.2d

---

[1] Defendant United Bank does not oppose the Motion for Leave to Amend as to the allegations against it.

[2] In his Response (Document # 62) in opposition to Plaintiff's Motion for Leave to Amend, Quesenberry, Sr. states "I have previously filed a Motion challenging the Plaintiff's right to have filed this action against [sic] with this Court, asserting that this matter should not be addressed in South Carolina, but should be addressed, it at all, in West Virginia." Because Quesenberry, Sr. is proceeding pro se, the undersigned will liberally construe his response to incorporate his arguments in his Motion to Dismiss into his Response. In his Motion to Dismiss, Quesenberry, Sr. argues that this Court lacks personal jurisdiction over him.

812, 819 (E.D.Va.2004); Robinson v. GEO Licensing Co., L.L.C., 173 F.Supp.2d 419, 423 (D.Md.2001). Specifically, these parties argue that this Court lacks personal jurisdiction over them. These Defendants raise the same arguments in their Motions to Dismiss and assert that Plaintiff's proposed Amended Complaint fails to cure the problems asserted in their Motions. For the reasons discussed below, the undersigned finds that this Court lacks personal jurisdiction over Defendants Cooper, Ernest, and Quesenberry, Sr. The Rule 12(b)(2) discussion for lack of personal jurisdiction necessarily collapses into the futility discussion under Rule 15(a). Therefore, the undersigned will address Plaintiff's Motion for Leave to Amend and Defendants Cooper's, Ernest's, and Quesenberry, Sr.'s Motions to Dismiss together.

In his proposed Amended Complaint, Plaintiff, a Georgia resident, alleges Defendant Cooper, on behalf of Defendant United Bank, approached Plaintiff and asked him to guarantee a construction loan for lots that had been pre-sold in a development in Myrtle Beach, South Carolina. Proposed Amended Complaint ¶ 21. Cooper allegedly told Plaintiff just prior to closing that the loan would be used to purchase two lots rather than as a construction loan. Id. at ¶ 24. United Bank allegedly loaned Plaintiff $468,000, which was to be used to purchase the two lots at issue and the balance was to go into an escrow account for disbursements to pay for construction costs at various times. Id. at ¶ 27. Plaintiff alleges that United Bank and Cooper began authorizing and making fraudulent disbursements from the escrow account without Plaintiff's knowledge, including fraudulent payments to Defendant Melcher and Quesenberry, Sr. Id. at ¶¶ 28, 29-30, 39. Plaintiff alleges that Defendant Ernest was directly responsible for and directly supervised Cooper and was either personally aware or should have been aware of these activities. Id. at ¶ 20. Plaintiff alleges, inter alia, that Defendants' joint fraudulent actions amount to conversion and/or tortious deprivation of

Plaintiff's right to the full amount of the loan proceeds and unjust enrichment. Id. at ¶¶ 59, 71.

In his proposed Amended Complaint, Plaintiff asserts that Defendants Cooper, Ernest and Quesenberry, Sr. are residents of West Virginia and Cooper and Ernest were acting within the course and scope of their employment as loan officers with Defendant United Bank at all times relevant to this action. Proposed Amended Complaint ¶¶ 3-6, 8. He alleges that this court has personal jurisdiction over Cooper and Ernest pursuant to S.C. Code Ann. § 36-2-803(A)(5)[3], which allows for personal jurisdiction over persons who act directly or through an agent as to a cause of action arising from the person having an interest in real property located in South Carolina. Id. at ¶ 14. Plaintiff also alleges that this Court has personal jurisdiction over Cooper, Ernest, and Quesenberry, Sr. because an allegation of conspiracy among nonresidents and residents (here, Defendant Melcher) is sufficient to make a prima facie showing of personal jurisdiction over a nonresident. Id. at ¶ 16.

"When a court's personal jurisdiction over a defendant is contested, the burden is on the plaintiff to establish the existence of a ground for exercising such jurisdiction." ESAB Group, Inc. v. Centricut, LLC, 34 F.Supp.2d 323, 328 (D.S.C.1999). In the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993).

To assert personal jurisdiction over a non-resident defendant, the exercise of jurisdiction must be authorized by South Carolina's long-arm statute[4] and must comport with the Fourteenth Amendment's due process clause. Tetrev v. Pride Int'l, Inc., 465 F.Supp.2d 555, 558 (D.S.C.2006).

---

[3] The proposed Amended Complaint actually says S.C. Code Ann. § 36-2-80(A)(5), which is clearly a typo.

[4] S.C. Code Ann. § 36-2-803.

However, the South Carolina Supreme Court has interpreted South Carolina's long-arm statute to extend to the constitutional limits imposed by the due process clause. Id. at 559; Sheppard v. Jacksonville Marine Supply, Inc., 877 F.Supp. 260, 265 (D.S.C.1995). "Consequently, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997) (internal quotation marks omitted). Under the due process analysis, the plaintiff must show that the defendant had sufficient "minimum contacts" with South Carolina and that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980) (internal quotation marks omitted);see also International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A defendant has minimum contacts with a state when "the defendant's conduct and connection with the forum state is such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. 559. Minimum contacts must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The South Carolina Supreme Court has set forth four considerations for determining whether a court's exercise of personal jurisdiction offends traditional notions of fair play and substantial justice: 1) duration of the defendant's activity in this State; 2) the character and circumstances of its acts; 3) inconvenience to the parties; and 4) the State's interest in exercising jurisdiction. Colite Industries, Inc. v. G.W. Murphy Const. Co., Inc., 297 S.C. 426, 429, 377 S.E.2d 321, 322 (1989) (citing Atlantic Soft Drink Co. v. South Carolina National Bank, 287 S.C. 228, 336 S.E.2d 876

(1985)).

Plaintiff is a resident of Georgia and all Defendants, except for Melcher, are residents of West Virginia. The two lots for which the loan at issue in this case was obtained are located in South Carolina. As alleged in his proposed Amended Complaint, Plaintiff argues this court has personal jurisdiction over Cooper and Ernest pursuant to § 36-2-803(A)(5) because they have an interest in real property located in South Carolina. Plaintiff argues that Cooper's and Ernest's employer, United Bank, has an interest in the two lots by virtue of the loan made by United Bank to Plaintiff[5], and, thus, Cooper and Ernest, as agents for United Bank, also have an interest in the same property. For the reasons discussed below, S.C. Code Ann. § 36-2-803(A)(5) does not provide for personal jurisdiction over Defendants Cooper or Ernest.

Section 36-2-803(A)(5), upon which Plaintiff relies to confer jurisdiction over Cooper and Ernest, states that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's . . . having an interest in, using, or possessing real property in this State." The statute explicitly states that the court may exercise personal jurisdiction over the person who has an interest in real property in the state–here, United Bank–not the agent acting on behalf of the person–here, Cooper and Ernest. Defendants Cooper and Ernest are not vested with an "interest in" real property by virtue of being employees of a bank making a loan to a third-party. Accordingly, the undersigned finds that § 36-2-803(A)(5) does not confer personal jurisdiction over Defendants Cooper and Ernest.

---

[5] The undersigned notes that nothing in the proposed Amended Complaint indicates that United Bank holds a mortgage on the real property in South Carolina or that the loan is otherwise secured by the real property in South Carolina. Nevertheless, the parties have not disputed that United Bank has an interest in the property.

Plaintiff also argues that this court has jurisdiction over Defendants Cooper, Ernest, and Quesenberry, Sr. because "an allegation of a conspiracy among residents and nonresidents is enough for a prima facie showing of personal jurisdiction." Proposed Amended Complaint, ¶ 16 (citing Hammond v. Butler, Means, Evins & Brown, 300 S.C. 458, 463, 388 S.E.2d 796 (1990); Brown v. Investment Management & Research, Inc., 323 S.C. 395, 400, 475 S.E.2d 754 (1996)).

Two allegations within the proposed Amended Complaint can arguably be read as alleging a conspiracy: "As part of a joint enterprise to defraud Hosch, Melcher, Ward, the Quesenberrys, Triple Q Construction and John and Jane Does knowingly divested Hosch of the subject loan proceeds" and "As part of the joint fraudulent enterprise described herein, the defendants Melcher, Ward, Quesenberry, Jr., Quesenberry, Sr., Triple Q, John and Jane Doe and Cooper received moneys that they were not entitled to and for which they were unjustly enriched in an amount to be determined prior to trial." Proposed Amended Complaint, ¶¶ 56, 71. Nevertheless, for the reasons discussed below, these bare allegations of a joint enterprise are insufficient under Rule 8, Fed.R.Civ.P., to assert a cause of action for civil conspiracy.[6] See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In South Carolina, the tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage. Vaught v. Waites, 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct.App.1989). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other

---

[6] Plaintiff includes a cause of action for civil conspiracy in the original Complaint but not in the proposed Amended Complaint. The cause of action for civil conspiracy in the original Complaint fails for the same reasons discussed below.

claims within the complaint," and "because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other cause of action." Hackworth v. Greywood at Hammett, LLC, 385 S.C. 110, 682 S.E.2d 871, 874 (2009) (internal citations omitted). Plaintiff fails to allege additional facts in furtherance of a conspiracy nor does he allege special damages in the proposed Amended Complaint. Thus, Plaintiffs allegations do not state a cause of action for conspiracy sufficient to invoke § 36-2-803(A)(3), whereby the court may exercise personal jurisdiction over "a person who acts directly or by an agent as to a cause of action arising from the person's commission of a tortious act in whole or in part in" South Carolina. Stated differently, Plaintiff has failed to allege a cause of action for civil conspiracy arising from any Defendant's commission of a tortious act in South Carolina.

To the extent Plaintiff relies on his allegations that Cooper, Melcher, and Quesenberry, Jr. formed a joint enterprise to divest Plaintiff of the loan proceeds, such allegations are nevertheless inadequate to establish minimum contacts for the non-resident Defendants. In Hammond, the South Carolina Supreme Court held that "[i]n certain instances, an out-of-state defendant may be subject to jurisdiction under the long-arm statute on the theory that his co-conspirator conducted activities in a particular state pursuant to the conspiracy." Hammond, 300 S.C. at 463, 388 S.E.2d at 798 (citing Ghazoul v. International Management Services, Inc., 398 F.Supp. 307 (S.D.N.Y.1975)). The court found that personal jurisdiction over a New York resident was proper where the defendant allegedly conspired with several South Carolina defendants to defraud the South Carolina plaintiff and there was evidence in the record that the New York resident participated extensively in the alleged conspiracy, which involved stock share in a corporation with its principal place of business in South Carolina, for several months. Id. at 463-64, 388 S.E.2d at 798-99. The court also found

that exercising jurisdiction would pose no unusual inconvenience since all parties to the suit except the New York resident were residents of South Carolina.  Id.

The Hammond court noted that "our conclusion in this case is consistent with the Court of Appeals' decision in Allen v. Columbia Financial Management, Ltd., 297 S.C. 481, 377 S.E.2d 352 (Ct. App. 1988).  Id. at 464 n.1, 388 S.E.2d at 799 n.1.  In Allen, the Court of Appeals explained, "[i]t is not enough that other members of the alleged conspiracy have numerous contacts with South Carolina. Due Process requires us to examine each appellant's own contacts with South Carolina. We decline to attribute the contacts of one alleged conspirator to another alleged conspirator." Allen,  297 S.C. at 490, 377 S.E.2d at 357; see also International Mariculture Resources v. Grant, 336 S.C. 434, 438-39, 520 S.E.2d 160, 162 (Ct. App. 1999).

In the present case, the allegations in the proposed Amended Complaint fail to show that the out-of-state Defendants purposefully availed themselves of the privilege of conducting activities in South Carolina. Although personal jurisdiction exists over Melcher, it is because he is now a South Carolina resident. There are no allegations in the proposed Amended Complaint that Melcher conducted any activities in South Carolina in furtherance of any conspiracy or joint enterprise.[7] In fact, there are no allegations in the proposed Amended Complaint that the other alleged co-conspirators, Cooper or Quesenberry, Sr., conducted activities in South Carolina pursuant to any conspiracy. As alleged by Plaintiff, these defendants, all of whom are residents of West Virginia (save Melcher) formed a joint enterprise to divest Plaintiff, a Georgia resident, of proceeds from a

---

[7]Melcher represents in his Response in opposition to Plaintiff's Motion for Leave to File Amended Complaint that he was a resident of either Virginia or West Virginia, not South Carolina, at all times relevant to the allegations against him in the proposed Amended Complaint. See Melcher Response (Document # 65) at p. 2.  He represents that he moved to South Carolina in the fall of 2007.

loan made by United Bank, a West Virginia corporation. There are no allegations that any of the alleged transactions among the Defendants participating in the joint enterprise occurred in South Carolina. Simply put, an examination of each alleged Defendant's contacts with South Carolina, as required by <u>Allen</u>, reveals insufficient contacts with South Carolina to allow this court to exercise personal jurisdiction over Cooper, Quesenberry, Sr. or Ernest. For these reasons, Plaintiff has failed to make a <u>prima facie</u> showing that personal jurisdiction exists in this court over Defendants Cooper, Ernest, or Quesenberry, Sr. based upon a civil conspiracy cause of action or other allegations of conspiracy.

In sum, although allowing Plaintiff to amend his Complaint would not be prejudicial, Plaintiff has failed to allege facts sufficient to make a <u>prima facie</u> showing that this court has personal jurisdiction over Defendants Cooper, Ernest and Quesenberry, Sr. Thus, allowing Plaintiff to amend his Complaint as to these Defendants would be futile. Cooper, Ernest and Quesenberry, Sr. should be dismissed from this action pursuant to Rule 12(b)(2), Fed.R.Civ.P. However, amendment of the Complaint as to Defendants United Bank and Melcher would not be futile and should be allowed. Filing of the proposed Amended Complaint would render United Bank's Motion to Dismiss moot.

V. **CONCLUSION**

For the reasons discussed above, it is recommended that Plaintiff's Motion for Leave to Amend Complaint (Document # 57) be denied in part and granted in part. Specifically, it is recommended that the Motion be denied as to any allegations against Defendants Cooper, Ernest and Quesenberry, Sr. and granted as to any allegations against Defendants United Bank and Melcher. It is further recommended that the Motions to Dismiss pursuant to Rule 12(b)(2), Fed.R.Civ.P., filed

by Defendants Cooper, Ernest, and Quesenberry, Sr. (Documents # 21, 26, 40, respectively) be granted and that the Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., filed by Defendant United Bank (Document # 36) be termed as moot. If the district judge adopts this recommendation, Plaintiff should be directed to file an Amended Complaint in accordance with the court's ruling within ten days of the date of the Order. Further, the parties should be directed to submit a proposed Amended Scheduling Order within ten days of the date of the Order.

          s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 3, 2010
Florence, South Carolina

**The parties are directed to the important notice on the attached page.**