UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EDWARD JOHN HOSCH, | Civil Action No.: 4:09-cv-1490-TLW-TER |
| Plaintiff, | |
| -vs- | |
| UNITED BANK, INC.; R. LEON COOPER; DOUGLAS B. ERNEST; WADE STEPHEN MELCHER; DONALD WARD; JAMES R. QUESENBERRY, SR.; JAMES R. QUESENBERRY, JR; TRIPLE Q. CONSTRUCTION, INC.; JOHN AND JANE DOES 1-10; JOHN DOE CORPORATIONS 1-10; and OTHER JOHN DOE ENTITIES 1-10; | **ORDER** |
| Defendants. | |

**I.  INTRODUCTION**

In this action, Plaintiff asserts a cause of action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 and numerous state law causes of action. Presently before the Court are Plaintiff's Motion to Amend Complaint (Document # 130) and Defendant United Bank, Inc.'s (United) Motion to Compel (Document # 135). All pretrial proceedings have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C.

**II.  MOTION TO AMEND**

   **A.  Current Allegations and Proposed Amendments**

This case, in its present form, arises out of two 2006 loan transactions between Plaintiff and United Bank for the purchase of and construction upon two lots in Garden City, South Carolina. Plaintiff alleges that former Defendant Leon Cooper asked Plaintiff to guarantee the construction

loans and, then later, to act as a temporary purchaser of the two lots. Amended Complaint ¶¶ 12, 15. Plaintiff alleges that the two lots were never developed but that disbursements of the loan proceeds were made by Cooper without Plaintiff's knowledge. Amended Complaint ¶ 19. Plaintiff was not aware of the loan disbursements until an investigator with United contacted him and informed him that he was investigating the possibility that United had made unauthorized disbursements from the loan proceeds. Amended Complaint ¶ 23.

In the Amended Complaint, Plaintiff also sets forth facts regarding a residential real estate development along the Kanawha River in Fayette County, West Virginia. Amended Complaint ¶¶ 10-11. Plaintiff's company purchased and was developing the property and most of the financing for the development was provided by United. Amended Complaint ¶ 10. This development began prior to the Garden City development presently at issue in this case. Amended Complaint ¶ 10. Plaintiff states that "[n]one of the transactions, land or parties involved in the [West Virginia] transactions . . . are presently at issue in this action." Amended Complaint ¶ 10. Plaintiff included the facts regarding the West Virginia development, however, to allege that a confidential relationship existed between Plaintiff and United. Amended Complaint ¶ 11. Plaintiff alleges causes of action for fraud, negligence, breach of fiduciary duty, conversion, slander of credit, unjust enrichment, violation of the South Carolina Unfair Trade Practices Act, (SCUTPA), S.C. Code Ann. § 39-5-10 et seq., and violation of RICO.

Plaintiff now seeks to file a Third Amended Complaint to dismiss without prejudice Defendant Stephen Melcher and the John and Jane Doe Defendants[1] and to add additional factual

---

[1]Defendants Leon Cooper, Douglas B. Ernest, Donald Ward, James R. Quesenberry, Sr., James R. Quesenberry, Jr., and Triple Q Construction, Inc. have already been dismissed from this action.

allegations, including allegations regarding the West Virginia development (hereinafter, "River Ridge"[2]), more detailed allegations regarding the loan transaction and subsequent disbursements connected to the Garden City development, and allegations of harm suffered by Defendant Stephen Melcher caused by actions of United similar to those alleged with respect to Plaintiff. The proposed Third Amended Complaint reorganizes the current Amended Complaint, deletes the current causes of action for violation of the SCUTPA, slander of credit, and unjust enrichment and adds causes of action for wrongful interference with contract and defamation.

In the proposed Third Amended Complaint Plaintiff seeks, for the first time, damages related to the failure of the River Ridge development. Plaintiff alleges that Robinson, the United investigator who first informed Plaintiff of the possibility of unauthorized disbursements on the Garden City development loan,

> contacted individual purchasers of lots in River Ridge with whom he shared information about the events giving rise to the present action. He also shared with them his unfounded opinions about Plaintiff's involvement in the same and the end result was that this caused these purchases [sic] to become insecure in their contracts with Plaintiff.
> At about the same time, Robinson contacted public officials employed by Fayette County, West Virginia with whom he shared information about the events giving rise to the present action. He also shared with them his unfounded opinions about Plaintiff's involvement in the subject matter of this action and the end result was that this caused these officials to become insecure in its dealing with Plaintiff and this was an integral part of the proximate cause to the collapse of the River Ridge project.
> At or about the same time, Robinson also communicated his findings and opinions to others within United Bank and he and United Bank started investigating the activities of Cooper in other United Bank transactions to determine if he engaged in fraudulent or other wrongful conduct in any other United Bank matter. He and United Bank found that he had, in fact, committed fraud and engaged in other wrongdoing as its employee, <u>but it found no fraud or improper conduct by him or</u>

---

[2] In the proposed Third Amended Complaint, Plaintiff sets forth that the development was named "River Ridge at Kanawha Falls." Proposed Third Amended Complaint ¶ 21.

>anyone else involving the River Ridge project. Nonetheless, United Bank withdrew its support and terminated its involvement in River Ridge, which was an integral part of the proximate cause to the collapse of that project.

Proposed Third Amended Complaint ¶ 50. Plaintiff alleges that Robinson's defamatory communications, wrongful interferences with contracts and United's breach of fiduciary duty resulted in, among other damages, approximately $6.3 million in damages arising out of the failure of the River Ridge project. Proposed Third Amended Complaint ¶¶ 61, 68, 79.

    B.    **Timeliness of Motion**

The deadline for amending pleadings was November 1, 2010.[3] Plaintiff's present Motion was filed June 20, 2011. When seeking to amend a pleading after an applicable deadline in a scheduling order, a party must satisfy the good cause standard of Rule 16(b), Fed.R.Civ.P., before addressing the merits of a motion to amend under Rule 15(a), Fed.R.Civ.P. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Dilmar Oil Co., Inc. v. Federated Mt. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). "Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation. The Rule assures the court and the parties that 'at some point both the parties and the pleadings will be fixed.'" Dilmar Oil, 986 F.Supp. at 980 (citing Advis. Comm. Notes for 1983 Amend.) Rule 16(b) addresses the diligence of the moving party. Id. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Id. (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990)).

---

[3]See Amended Scheduling Order (Document # 85) entered September 30, 2010. A new Amended Scheduling Order (Document # 119) was entered April 4, 2011, but it did not extend the deadline to amend pleadings.

Plaintiff does not specifically address Rule 16(b) or its good cause standard. However, Plaintiff asserts that his proposed amendments are based upon evidence obtained through the depositions of United and Melcher, both taken on May 4, 2011.[4] Other than the evidence that Melcher was a victim of, rather than a participant in, the alleged wrongful conduct, Plaintiff does not specify what evidence he discovered during these depositions that necessitated an amendment to his Amended Complaint. United argues that Plaintiff was aware of the actions of United that allegedly affected River Ridge and the related damages prior to his filing of the original Complaint because both Plaintiff and United were defendants in a West Virginia action, <u>Harrison, et al v. Hosch, et al</u>, 07-C-2108, filed on October 3, 2007, by purchasers of the lots in River Ridge.

Because Plaintiff fails to specify the newly discovered evidence that necessitated filing a motion to amend outside the scheduling order deadline, Plaintiff has not met the good cause standard under Rule 16(b) and his motion must be denied. However, the Court notes that Plaintiff seeks to dismiss without prejudice Defendant Melcher[5] and the John and Jane Doe Defendants. **Within ten (10) days of the date of this Order**, the parties are to file with the Court any objections to the dismissal without prejudice of Defendant Melcher and the John and Jane Doe Defendants. If no objections are filed within this 10-day period, an Order will be entered dismissing these Defendants without prejudice.

### III. MOTION TO COMPEL

United moves for an order compelling Plaintiff to fully respond to its First Set of

---

[4] Melcher's deposition was reconvened by agreement on May 16, 2011.

[5] Melcher has not filed a Response to Plaintiff's Motion, but Plaintiff represents in his Motion that "Plaintiff is authorized to state that Defendant Melcher agrees to the motion dropping him as a party." Motion p. 3.

Interrogatories and First Request for Production of Documents (discovery requests). After United received and reviewed Plaintiff's Responses to Defendant United Bank, Inc.'s First Interrogatories to Plaintiff and Plaintiff's Responses to Defendant United Bank, Inc.'s First Request for Production to Plaintiff (discovery responses), counsel for United wrote Plaintiff's counsel, identified what he felt were deficiencies, and asked if and when Plaintiff would remedy the deficiencies. As of the filing of the Motion, United had not received a response from Plaintiff.

In its Motion to Compel, United asks the Court to compel Plaintiff to supplement his answers to Interrogatories one and four and produce all documents responsive to Requests for Production five and six. Interrogatory one is a standard interrogatory seeking the names and addresses of witnesses concerning the facts of the case. Plaintiff listed 140 witnesses, but provided the full names and addresses of only 33 of them. Plaintiff further noted that there were 35 lots sold in the River Ridge development to unknown individuals. In his Response to the Motion to Compel, Plaintiff provides approximately eight additional addresses and indicates for the remaining witnesses that either he does not know their addresses or United already has their addresses. United indicates in its Reply that it does not seek further supplementation as to interrogatory number one.

Interrogatory four is also a standard interrogatory, asking Plaintiff to "set forth a summary sufficient to inform United of the important facts known to or observed by" each of the witnesses listed in response to interrogatory one. Plaintiff objects to this interrogatory, claiming that it "invades Hosch's right to protect from disclosure the mental impressions, conclusions, opinions, or legal theories" of counsel. Plaintiff appears to assert that the facts sought by United are protected as opinion work product. <u>See</u>, <u>e.g.</u>, <u>National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.</u>, 967 F.2d 980, 984 (1992) (noting that the work product doctrine is divided into two

parts, opinion work product and non-opinion work product). However, interrogatory four does not ask for the mental impressions, conclusions, opinions or legal theories of Plaintiff's counsel. It seeks only a summary of the facts known by the witnesses. Thus, Plaintiff's assertion that the information sought by United is protected by the work product doctrine is without merit.

In his Response, Plaintiff asserts additional objections to interrogatory four. He argues that twenty-five of the listed witnesses have testified in either the present case or a separate case in which both Plaintiff and United were defendants and, thus, United is already aware of the facts known by these witnesses regarding the failed River Ridge development. United argues that the River Ridge development is not at issue in this case and Plaintiff must provide a summary of the facts known by the witnesses relevant to the present case. In light of the above ruling denying Plaintiff's Motion to Amend his Amended Complaint to add allegations regarding the River Ridge development, Plaintiff must supplement his responses to interrogatory four by either withdrawing the names of witnesses who have no knowledge regarding the facts of the present case and/or providing a summary of the facts known to each witness listed regarding the allegations in this case.

Plaintiff next argues that thirty-five of the witnesses listed are employees of United and, thus, United is in the best position of knowing how these witnesses will testify if they are called. However, because Plaintiff has listed these individuals as witnesses, he must set forth his understanding of the important facts known to these witnesses. Thus, Plaintiff must supplement his responses regarding these thirty-five witnesses.

Plaintiff supplements her responses as to the remaining witnesses. Because Plaintiff supplemented his responses to interrogatories one and four after United filed its Motion to Compel, United seeks attorney's fees pursuant to Rule 37(a)(5)(A), Fed.R.Civ.P., which provides,

> [I]f the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

United may submit a Motion for reasonable expenses, including an affidavit of costs and fees, within ten days of the date of this Order.

In United's Request for Production five, United seeks Plaintiff's "state and federal tax returns, W-2s, and credit reports from 2006 to the present." Plaintiff objected to the request "as being overly broad and not likely to lead to the discovery of admissible evidence." In Plaintiff's Amended Complaint, however, Plaintiff alleges that he has suffered a "loss of profits" and "loss of business." Amended Complaint ¶ 31. Plaintiff also alleges that United's conduct "subjects Hosch to tax liabilities that he would not have had except by reason of the fraudulent transactions." Amended Complaint ¶ 59. Additionally, Plaintiff alleges that United caused "damage to Hosch's credit and reputation in the financial markets, which has played a role in Hosch's ability to meet his own needs, with respect to both personal and business affairs." Amended Complaint ¶ 63. This request for production is certainly relevant to Plaintiff's claims and is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not identified any privilege that would prevent production of these requested documents. Thus, Plaintiff must produce these documents. A Confidentiality Order (Document # 125) is currently in place in this case if Plaintiff wishes to utilize the protections provided in the Order.

Plaintiff also argues that he does not have a copy of his credit report and therefore cannot produce it. Rule 34, Fed.R.Civ.P., requires parties to produce items "in the responding party's possession, custody, or control." A document is in a party's control when the party has "'the right,

authority, or practical ability to obtain the documents from a non-party to the action.'" Goodman v. Praxair Services, Inc., 632 F.Supp.2d 494, 515 (D.Md. 2009) (citing In re NTL, Inc. Securities Litigation, 244 F.R.D. 179, 195 (S.D.N.Y. 2007)). It is not apparent from the record how readily available Plaintiff's current and past credit reports are. Nevertheless, Plaintiff must either provide United with his credit reports or provide United with authorization to obtain his credit reports. Any costs associated with obtaining the reports must be born by United.

Request for Production six seeks "documents on which you intend to rely to establish that you sustained damage to your credit rating as a result of any action or omission by United." Plaintiff objected "on the grounds that Rule 26(b) of the Federal Rules of Civil Procedure protect him from having to disclose his trial preparations and his mental impressions, conclusions, opinions, or legal theories." In his Response to the Motion to Compel, Plaintiff asserts that United has misconstrued his claim for damages: "While a drop in his credit score may be a reflection of what the defendant did to him, his contention is that his credit reputation, his creditworthiness and his reputation, personally and in the banking and other business circles within which he earned a living was severely damaged" as a result of United's actions. Response at p. 12. Plaintiff also asserts that he has not located any documents responsive to United's Request for Production six, but will supplement his response by producing such documents when he does locate them. Thus, Plaintiff appears to abandon his work product objection to Request for Production six. Plaintiff is directed to provide United with any documents he has located that are responsive to Request for Production six.

In sum, United's Motion to Compel is granted. **Within ten days of the date of this Order**, Plaintiff must (1) supplement his responses to Interrogatory four by setting forth his understanding of the important facts known to the thirty-five witnesses listed in his response to Interrogatory one

who are employees of United, (2) produce the documents sought in Request for Production five or, as to his credit reports, provide United with authorization to obtain them, and (3) produce the documents requested in Request for Production six. Additionally, **within ten days of the date of this Order**, United may submit a Motion for reasonable expenses, including an affidavit of costs and fees, incurred in filing the present Motion to Compel pursuant to Rule 37(a)(5)(A), Fed.R.Civ.P.

## IV. CONCLUSION

As set forth above, Plaintiff's Motion to Amend Complaint (Document # 130) is **DENIED** and Defendant United Bank, Inc.'s Motion to Compel (Document # 135) is **GRANTED**. Additionally, as set forth above, both parties are ordered to comply with the directives herein within ten days of the date of this Order.

**IT IS SO ORDERED**.

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 13, 2012
Florence, South Carolina